1

2

3    O

4

5

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,      )    Case Nos. CV 01-08491 DDP
                                    )              CV 06-03946 DDP
11              Plaintiff,          )              CR 96-00557 WMB
                                    )
12      v.                          )    **ORDER DENYING PETITIONER'S MOTION**
                                    )    **FOR WRIT OF AUDITA QUERELA AND**
13                                  )    **GRANTING IN PART APPLICATION FOR**
     FULTON WASHINGTON,             )    **CERTIFICATE OF APPEALABILITY.**
14                                  )
                Defendants.         )    [Motions filed on November 12,
15   _____)    2008 (Dkt. No. 546) and January
                                         26, 2009 (Dkt. No. 552)]
16   —

17        This matter comes before the Court on petitioner Fulton

18   Washington's Motion for a Writ of Audita Querela pursuant to 28

19   U.S.C. § 1651(a), the "All Writs Act," and application for a

20   certificate of appealability.  After reviewing and considering the

21   materials submitted by the parties, the Court denies the motion for

22   a writ of audita querela and grants in part Petitioner's request

23   for a certificate of appealability.

24   **I.  BACKGROUND**

25        A.   Factual Background

26        On June 7, 1996, petitioner Fulton Washington ("Petitioner")

27   was charged in a three-count indictment for: (1) conspiring to

28   manufacture one kilogram or more of a substance containing

     phencyclidine ("PCP") in violation of 21 U.S.C. §§ 846, 841 (a)(1);

1  (2) possession of approximately eleven kilograms of
2  piperidinocyclohexanecarbonitrile ("PCC") with intent to
3  manufacture PCP in violation of 21 U.S.C. § 841 (a)(1); and (3)
4  attempted manufacture of more than one kilogram of a substance
5  containing PCP in violation of 21 U.S.C. §§ 846, 841(a)(1). (See
6  Dkt. No. 30.[1]) On November 12, 1996, Petitioner was found guilt on
7  all three counts. (See Dkt. No. 151.) The jury did not make any
8  finding as to the quantity of PCP or PCC attributable to
9  Petitioner.  After trial, however, the court held several
10  sentencing hearings and determined, by a preponderance of the
11  evidence, that Petitioner was in possession of 108.86 grams of PCP.
12  (See Dkt. Nos. 244, 248, 249, 253, 254, 255, 257, 272.) This
13  quantity, coupled with Petitioner's four prior narcotics
14  convictions, required the Court to sentence Petitioner to a
15  mandatory term of life imprisonment. See 21 U.S.C. §
16  841(b)(1)(viii). On February 18, 1997, Petitioner filed a motion
17  for a new trial or judgment of acquittal, which the court denied.
18  (See Dkt. Nos. 184, 248, 379, 380.) On July 20, 2000, the Ninth
19  Circuit affirmed Petitioner's conviction and sentence. (USCA Appeal
20  No. 97-50539, Dkt. Nos. 288, 294, 395.) A rehearing en banc was
21  denied, and certiorari was denied.

22  B.  Procedural Background

23  On October 1, 2001, Petitioner filed a motion to vacate, set
24  aside or correct his sentence pursuant to 28 U.S.C. § 2255 (the
25  "2001 Petition"). (Mot., Dkt. No. 446.)  While this petition was

26

27  [1] Due to the large number of filings and successive petitions
filed by Petitioner, this Court will refer to the docket in
28  Petitioner's criminal case, CR 96-00557, which includes all
filings.

2

1 | pending, the judge that had presided over Petitioner's trial died.
2 | Petitioner's habeas petition was then reassigned to the Honorable
3 | Dickran Tevrizian of the United States District Court for the
4 | Central District of California. (Civil Dkt. No. 9.)  On February 2,
5 | 2006, Judge Tevrizian denied Petitioner's 2001 Petition.  (Order,
6 | Dkt. No. 490.)  On June 22, 2006, Petitioner filed a second
7 | petition under § 2255, which the court denied on August 25, 2006 on
8 | the ground that it was an unauthorized, successive petition.
9 | (Orders, Dkt. Nos. 506, 524.)[2]

10 | On July 18, 2007, this case was reassigned to this Court,
11 | because Judge Tevrizian was no longer available. (See Dkt. No.
12 | 521.) On November 21, 2007, Petitioner filed a motion to supplement
13 | and amend his petition.  (Mot., Dkt. No. 536.)

14 | On July 09, 2007, Petitioner filed a motion pursuant to
15 | Federal Rules of Civil Procedure 63 and 60(b), seeking to challenge
16 | the district court's February 2, 2006 order denying his October 1,
17 | 2001 28 U.S.C. § 2255 motion. (See Dkt. No. 520). In his motion,
18 | Petitioner claimed that the Judge Tevrizian's alleged unfamiliarity
19 | with the record rendered void the order denying him habeas relief.
20 | On June 23, 2008 this Court found that the motion was properly
21 | construed under Rule 60, and denied Petitioner's motion on the
22 | grounds that Judge Tevrizian's order contained all the relevant
23 | procedural and factual background information, and a detailed
24 | analysis applying the applicable law to the facts of Petitioner's
25 | case. (See Dkt. No. 542.)

26 |

27 |
28 | [2] Petitioner then filed a certificate of appealability with the Ninth Circuit, which was denied on March 27, 2007.  (Order, Dkt. No. 518.)

1      On November 12, 2008, Petitioner filed a memorandum in support
2 of his Motion for a Writ of Audita Querela pursuant to 28 U.S.C. §
3 1651)(a), the "All Writs Act." (See Dkt. No. 546). On January 26,
4 2009, petitioner filed an application for Certificate of
5 Appealability regarding this Court's order denying Petitioner's
6 Federal Rule of Civil Procedure 60(b)(4) motion. (See Dkt. No.
7 552). On February 25, 2009, the Ninth Circuit Court of Appeals
8 issued an order remanding petitioner's case to this Court for the
9 purpose of granting or denying a certificate of appealability. (See
10 Dkt. No. 33). Petitioner then filed a motion pursuant to Federal
11 Rules of Appellate Procedure 8(a) for a stay of the order pending
12 appeal or, alternatively, a voluntary dismissal of his application
13 for a certificate of appealability until this Court had finished
14 adjudication of any outstanding issues (presumably in reference to
15 his motion for a writ). (See Dkt. No. 553).

16      In addition, on May 14, 2009, this Court granted Petitioner's
17 motion for leave to file a motion requesting discovery, and
18 Petitioner filed his discovery motion on the same day. (See Dkt.
19 Nos. 556-558).

20     C.   <u>Petitioner's Contentions</u>
21 Petitioner alleges the following grounds for modification of his
22 sentence under a writ of *audita querela*:

23      1. A gap exists in the post-conviction remedial framework
24 because the Ninth Circuit Court of Appeals did not retroactively
25 apply the new constitutional rule announced in <u>Apprendi v. New</u>
26 <u>Jersey</u>, 530 U.S. 466 (2000).

27      2. A gap exists in the post-conviction remedial framework
28 because Judge Tevrizian's alleged unfamiliarity with the record

4

1 renders void the court's February 2, 2006 order denying him habeas
2 relief.

3     3. This Court's June 18, 2008 order misconstrued Petitioner's
4 Federal Rule of Civil Procedure 63 motion as a 60(b)(4) motion,
5 thus creating a gap in the post-conviction remedial framework.

6     4. Washington's mandatory life sentence is grossly
7 disproportionate to the crime for which he has been convicted, and
8 the writ of *audita querela* is available to achieve justice in
9 extraordinary situations.

10 **II. LEGAL STANDARD**

11     A federal prisoner may collaterally attack his sentence by
12 filing a 28 U.S.C. § 2255 motion with the court that imposed the
13 sentence. See 28 U.S.C. § 2255; see also McCraw v. United States,
14 353 F.2d 201, 201 (9th Cir. 1965)("[A] section 2255 motion...is a
15 collateral proceeding.")(citing Palomino v. United States, 318 F.2d
16 613, 616 (9th Cir. 1963)). 28 U.S.C. § 2255 provides four grounds
17 justifying relief for a federal prisoner who challenges the
18 imposition or length of his federal detention: (1) "the sentence
19 was imposed in violation of the Constitution or law of the United
20 States," (2) "the court was without jurisdiction to impose such
21 sentence," (3) "the sentence was in excess of the maximum
22 authorized by law," or (4) the sentence is "otherwise subject to
23 collateral attack." See 28 U.S.C. § 2255(a). In order to file a
24 second or successive § 2255 petition in district court, a
25 petitioner must pass the AEDPA's gatekeeping provisions and obtain
26 an order from a three-judge appellate court panel authorizing the
27
28

1  second or successive filing[3]. Where the appropriate appellate court
2  panel has not authorized a second or successive § 2255 petition,
3  the district court lacks subject matter jurisdiction to consider
4  the petitioner's prayer for relief. A motion to vacate will be
5  regarded as a second or successive motion if the petitioner filed a
6  previous habeas petition challenging the same conviction or
7  sentence that was adjudicated on the merits or dismissed with
8  prejudice. Green v. White, 223 F.3d 1001 (9th Cir. 2000). A court's
9  decision that the petitioner has lost his right to pursue a
10 constitutional claim because it is procedurally barred, and that he
11 has failed to show cause for his default and prejudice resulting
12 therefrom, is a decision on the merits. Gandarilla v. Artuz, 322
13 F.3d 182, 186 (2d Cir. 2003).

14     A writ of *audita querela* is used to achieve justice in
15 extraordinary situations when other post-conviction remedies, such
16 as motions pursuant to 28 U.S.C. § 2255, are unavailable to attack
17 a decision that was correct when rendered, but that later became
18 incorrect because of circumstances that arose after the judgment
19 was issued. Doe v. I.N.S., 120 F.3d 200, 203 n.4 (9th Cir. 1997);
20 Kessack v. United States, 2008 WL 189679 (W.D. Wash.). The writ of
21 *audita querela* is therefore available in the federal criminal
22 context to "fill 'gaps' in the current systems of postconviction
23 relief." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80
24
25
26 [3] § 2244(b)(3) provides: "Before a second or successive
   application permitted by this section is filed in the district
   court, the applicant shall move in the appropriate court of appeals
27 for an order authorizing the district court to consider the
   application."
28

6

1  (9th Cir. 2001); see also Doe v. I.N.S., 120 F.3d 200, 203 (holding
2  that the writ of *audita querela* is available to "fill in the
3  interstices of the federal post-conviction remedial framework.")
4  (quoting United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir.
5  1990).

6  Due to the writ of *audit querela's* narrow applicability, the
7  Ninth Circuit has questioned the writ's continued existence. Doe v.
8  INS, 120 F.3d at 204 n.5; see also United States v. Ayala, 894 F.2d
9  425, 429 (D.C. Cir. 1990) (noting that "the authority of federal
10 courts to use it as 'gap filler' under the All Writs Act is open to
11 serious doubt."). *Audita querela* has been expressly abolished in
12 civil cases by Federal Rule of Civil Procedure 60(e), but the writ
13 arguably survives in the federal criminal context under the Supreme
14 Court's decision in Morgan and 28 U.S.C. § 1651(a), the All Writs
15 Act.  See United States v. Morgan, 346 U.S. 502, 512 (1954)
16 (holding that Rule 60, which expressly abolishes the related writ
17 of *coram nobis*, does not abolish a federal prisoner's right to
18 petition for a writ of *coram nobis* because such a petition is part
19 of the original criminal case rather than a separate civil
20 proceeding); see also 28 U.S.C. § 1651(a) ("The Supreme Court and
21 all courts established by Act of Congress may issue all writs
22 necessary or appropriate in aid of their respective jurisdictions
23 and agreeable to the usages and principles of law.").

24 **III. DISCUSSION**

26 A.    The Common Law Writ of Audita Querela

27 On November 12, 2008, Washington filed a petition that he has
28 styled as a motion for a writ of *audita querela* pursuant to 28

7

U.S.C. § 1651. Petitioner's first contention is that the Ninth Circuit erred by not applying the new constitutional rule announced in Apprendi. Petitioner advanced an identical argument in his October 1, 2001 motion to vacate, set aside or correct his sentence. The Ninth Circuit has made clear that "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." Valdez-Pacheco, 237 F.3d at 1080. Because Washington's Apprendi claim is cognizable in a § 2255 motion, and was in fact argued by Washington in his October 01, 2001 motion to vacate his conviction and sentence, the writ of audita querela is not available on this claim. Further, Petitioner's motion for a writ of audita querela is essentially a successive § 2255, because it raises the same issue that was argued unsuccessfully in his first § 2255 motion. Because Petitioner has already brought a motion under § 2255, he is barred from bringing a successive § 2255 motion unless he first obtains permission from the court of appeals. Because the Ninth Circuit has not authorized this Court to consider a successive § 2255 petition this Court lacks jurisdiction to consider Petitioner's first issue.

Petitioner's claim that this procedural bar is a gap in the post-conviction remedial framework that can be filled by the writ of audita querela is also meritless. See id., 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). To hold otherwise would permit Petitioner to

8

1  circumvent the procedural limitations imposed by § 2244 simply by
2  changing the number 2255 to 1651 on his motion, thus rendering
3  nugatory the AEDPA's procedural limitations.[4]  Because this would
4  be inconsistent with congressional intent, the Court holds that the
5  writ of *audita querela* is unavailable to Petitioner on his first
6  contention.

7       Petitioner's second contention is that Judge Tevrizian did not
8  adequately review the files and records of the case, and thus he
9  made erroneous findings of fact and conclusions of law.  Petitioner
10 advanced an identical argument in his July 9, 2007 motion pursuant
11 to Federal Rules of Civil Procedure 63 and 60(b)(4) & 6 seeking to
12 void the order denying his § 2255 petition.  Subsequently, this
13 Court issued an order dated July 23, 2008 denying Petitioner's
14 motion and noting that Judge Tevrizian's order "included all of the
15 relevant procedural and factual background information, and a
16 detailed analysis applying the applicable law to the facts of
17 Petitioner's case."  Because the merits of Petitioner's second
18 contention have already been addressed by the Court's July 23, 2008
19 order, the writ of *audita querela* is not available to Petitioner on
20 his second contention.

21      Petitioner's third contention is that a gap exists in the
22 post-conviction remedial framework because this Court's June 23,
23 2008 order improperly construed his Federal Rule of Civil Procedure
24 63, 60(b)(6), and 60(b)(4) motion as a single 60(b)(4) motion.  As
25 this Court has previously explained, Rule 63 merely outlines the

26

27      [4] §2255, as amended by AEDPA, provides in part: "A second or
28 successive motion must be certified as provided in § 2244 by a
   panel of the appropriate court of appeals...."

9

1  procedure for replacing a judge when he or she unable to proceed,
2  while Rule 60(b)(4) authorizes this Court to relieve a party from
3  an order on the ground that it is void.  Therefore, this Court
4  properly construed petitioner's motion as a single 60(b)(4) motion,
5  and thus the writ of *audita querela* is not available to Petitioner
6  on his third issue.

7      Petitioner's final contention is that his life sentence is a
8  gross injustice because it is disproportionate to the nature of the
9  crime for which he was convicted.  Petitioner's principal argument
10 appears to be impliedly based on the ruling in an unpublished case,
11 Kessack v. United States, 2008 WL 189679 (W.D. Wash.).  In Kessack,
12 the court considered petitioner Kessack's motion for a writ of
13 *audita querela* challenging his 30-year prison sentence under the
14 then-mandatory Federal Sentencing Guidelines.  Following Kessack's
15 sentencing, the Supreme Court declared that the mandatory
16 Guidelines used in Kessack's sentence were unconstitutional because
17 the Sixth Amendment requires juries rather than judges to find
18 facts relevant to sentencing.  United States v. Booker, 543 U.S.
19 220, 245 (2005).  Although the Ninth Circuit in Cruz held that the
20 "rule announced by Booker does not . . . operate retroactively" to
21 habeas cases on collateral review, the Kessack court held that the
22 Booker rule can apply retroactively via a writ of *audita querela*.
23 See United States v. Cruz, 426 F.3d 1119 (9th Cir. 2005).  Because
24 Kessack was serving a sentence of at least 20 greater than any of
25 his co-defendants, the court believed "a grave injustice is
26 occurring as a result of Mr. Kessack's 30-year sentence."  Kessack
27 v. United States, 2008 WL 189679 at *7.  Reasoning that "sentences
28 imposed under an unconstitutional sentencing scheme should, in

10

1  fairness, be reconsidered," the court ordered that petitioner
2  Kessack be re-sentenced. Id. at *1.

3      The holding in Kessack does not change the outcome of this
4  case.  First, Kessack is not binding precedent upon this court and
5  is alone among many other cases that have refused to grant a writ
6  of *audita querela* when the petitioner is barred from filing a
7  successive § 2255 petition.  See, e.g., U.S. v. Jensen, 2009 WL
8  1212112 (D. Nev. 2009); Gamboa v. U.S., 2009 WL 1175315 (W.D. Wash.
9  2009); Berry v. U.S., 2001 WL 1112208 (N.D. Cal. 2001); Angulo-
10  Lopez, 2005 WL 2206924 (W.D. Wash. 2005).  Second, the Ninth
11  Circuit has made it clear that the writ of *audita querela* is not
12  available to vacate criminal convictions on solely equitable
13  grounds.  See Doe v. I.N.S., 120 F.3d 200 (holding that the writ of
14  audita querela is not available to vacate petitioner's drug
15  possession conviction on equitable grounds to prevent his
16  deportation even when the Drug Enforcement Administration believed
17  that the petitioner would be killed or physically harmed if
18  deported).  "To re-cast *audita querela* as an avenue for purely
19  equitable relief would violate separation of powers," because it
20  would provide an end run around properly enacted legislation.  Id.
21  at 204.  Further, as a general rule, "§ 2255 provides the exclusive
22  procedural mechanism by which a federal prisoner may test the
23  legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th
24  Cir. 2000).  Because Petitioner's conviction and sentence do not
25  present any truly extraordinary circumstances or inequities,
26  resorting to a petition for a writ of *audita querela* is improper
27  and unwarranted.
28

11

B.    Petitioner's Request for Appointment of Counsel

Petitioner seeks appointment of counsel to assist with his petition for a writ of *audita querela*.  Because the Court construes Petitioner's motion for a writ of *audita querela* as a § 2255 motion, the rules governing the appointment of counsel in federal habeas corpus proceedings apply here.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, the Court may appoint counsel if it determines "that the interests of justice so require."  Because the factual and legal issues presented by Petitioner have already been addressed by previous court orders denying Petitioner's § 2255 motion, the interests of justice do not demand that counsel be appointed. Accordingly, Petitioner's request for appointment of counsel is denied.

C.    Evidentiary Hearing

A petitioner is not entitled to an evidentiary hearing unless the petitioner (1) alleges specific facts which, if true, would entitle him to relief; and (2) the petition, files and record of the case cannot conclusively show that he is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  Because the Court has dismissed Petitioner's motion on procedural grounds, Petitioner's motion for an evidentiary hearing is denied. Further, because this Court lacks jurisdiction to consider Petitioner's prayer for relief, the Court need not reach the issue of whether

1  that Judge Tevrizian was unfamiliar with the record, Petitioner
2  claims that Judge Byrne held that Apprendi is to be applied
3  retroactively, while Judge Tevrizian held that Apprendi does not
4  apply retroactively.  As this Court made clear in its June 23, 2008
5  order denying Petition's 60(b)(4) motion, Judge Tevrizian's
6  comprehensive, 28-page order contained all the relevant procedural
7  and factual background information and applied the applicable law
8  to the facts of Petitioner's case.  Because Petitioner failed to
9  put forth any plausible argument suggesting Judge Tevrizian's
10  unfamiliarity with the record, the Court's decision to deny
11  Petitioner's 60(b)(4) motion is not one which reasonable jurists
12  would debate.  Accordingly, the Court denies Petitioner the right
13  to appeal this claim.

14                2.    Claim Two: Actual Innocence

15
16      Petitioner alleges the court violated his Fifth Amendment due
17  process right when it failed to adjudicate his factual and actual
18  innocence claim raised in his § 2255 petition.  As a colorable
19  showing of factual innocence, Petitioner alleges that he does not
20  match the height description of the suspect that accompanied co-
21  defendant O'Neal to purchase chemicals used to manufacture PCP.  A
22  team comprised of LAPD and LASD officers conducted physical
23  surveillance of the chemical purchase, and recorded defendant
24  O'Neal's height as 5'4" and the accompanying suspect as two inches
25  taller than O'Neal.  The Bureau of Prisons's identification of

26
27      [5](...continued)
    judge may proceed upon certifying familiarity with the record and
28  determining that the case may be completed without prejudice to the
    parties."

                                    14

1    Specifically, Petitioner avers factual disputes exist
2  regarding (1) the height of the suspect who accompanied co-
3  defendant O'Neal in making chemical purchases on February 13, 1996,
4  and (2) whether Petitioner was involved in the conspiracy given
5  that two of the co-defendants, Hamilton and O'Neal, submitted sworn
6  declarations stating that Petitioner was not involved.

7    Petitioner further contends that the record is insufficient to
8  evaluate his IAC claim because the record does not contain his
9  August 18, 1998, pre-appeal, letter sent to his appellate counsel
10 in which Petitioner requested that an Apprendi-type claim (the
11 issue of jury determinations of drug quantity) be raised on direct
12 appeal. In Apprendi, the Supreme Court ruled that "[o]ther than the
13 fact of a prior conviction, any fact that increases the penalty for
14 a crime beyond the prescribed statutory maximum must be submitted
15 to a jury, and proved beyond a reasonable doubt." Apprendi, 530
16 U.S. at 490. Because Petitioner failed to preserve his Apprendi-
17 type claim by not raising it on direct appeal, Petitioner must
18 "demonstrate both cause excusing his procedural default, and actual
19 prejudice resulting from the claim of error." United States v.
20 Skurdal, 341 F.3d 921, 925 (9th Cir. 2003). The Supreme Court has
21 held that "[a]ttorney error short of ineffective assistance of
22 counsel does not constitute cause for a procedural default even
23 when that default occurs on appeal rather than at trial." Murray v.
24 Carrier, 477 U.S. 478, 492 (1986). Therefore, in order to
25 establish cause for the procedural default, Petitioner must
26 demonstrate that his appellate counsel provided ineffective
27 assistance by failing to raise an Apprendi-type claim on direct
28 appeal. Because it is debatable among jurists of reason whether an

16

1  evidentiary hearing is necessary to determine if appellate
2  counsel's failure to raise an <u>Apprendi</u>-type amounts to ineffective
3  assistance given Petitioner's letter to his appellate counsel, the
4  Court grants Petitioner the right to appeal this claim.

5  **IV.  CONCLUSION**

7  The Court DENIES Petitioner's motion for a writ of audita
8  querela.  Petitioner's request for a certificate of appellability
9  is GRANTED as to issues 2, 3, and 4, and DENIED as to issue 1.  All
10 other outstanding motions are DENIED.

12 IT IS SO ORDERED.

16 Dated:  9-25-09

DEAN D. PREGERSON

United States District Judge

17